Stryker v. Hershy.

---

STRYKER v. HERSHY.

1. MORTGAGE: *Conditional sale; Intention of the parties; Evidence.*
In the absence of extrinsic evidence, the intention of the parties in executing an instrument is to be determined by the instrument itself, and a conveyance reserving to the grantor the privilege of "redeeming" the estate within a specified time will be a mortgage if given to secure a debt, otherwise it will be a conditional sale.

APPEAL from *Sebastian* Circuit Court.
Hon. J. BRIZZOLARI, Special Judge.

STATEMENT.

On the second of May, 1878, Hershy filed in the Circuit

Court, at Fort Smith, his complaint in equity against
Stryker and others, alleging in substance, that on the twenty-
ninth day of January, 1867, Wood B. Rogers was entitled
to the one-sixth part of the estate of his late father, John
Rogers, and on that day sold and conveyed the same for
$5000 paid in land, notes and money, to John B. Latham,
by the following deed, viz:

"Know all men by these presents, that I, Wood B.
Rogers, of Sebastian county, in the State of Arkansas, for
and in consideration of the sum of five thousand dollars to
me in hand paid by John B. Latham, of the city of Fort
Smith, in said county, the receipt of which is hereby
acknowledged, have this day granted, bargained, sold, deliv-
ered, released and conveyed and quit claim unto the said
John B. Latham and his heirs, all my right, title, claim and
interest in and to my individual portion or share, as heir at
law of John Rogers, deceased, late of said city, hereby
releasing and confirming unto the said John B. Latham and
his heirs and assigns, all my interest in and to all lands
belonging to said estate, together with all interest in all
debts and choses in action of every description whatsoever:
To have and to hold the above and foregranted portion,
interest or share in the said estate to the said John B.
Latham, his heirs and assigns forever, to his and their own
proper use and behalf.

"Witness, etc., this twenty-ninth day of January, 1867.
                         "WOODS BUCKNER ROGERS, [SEAL.]"

That at the same time said Rogers and Latham executed
the following agreement, to-wit:

"Articles of agreement made and entered into this twenty-
ninth day of January, 1867, between Woods B. Rogers and
John B. Latham, both of the city of Fort Smith, county
of Sebastian, State of Arkansas, WITNESSETH: That I,
Woods B. Rogers, of the first part, do acknowledge to have

33—38

sold unto John B. Latham, of the second part, all my right, title and interest acquired or hereafter to be acquired in all real estate, bonds, notes, accounts, rents, profits, or other evidences of debt, and all and every other interest. whatever of mine in and to the estate of my late father,. John Rogers, deceased, and do hereby further and effectually confer upon the said John B. Latham all that I, the said Woods B. Rogers, possessed over such interest, whatever they may be, of every description ; and I further obligate myself to execute to the said John B. Latham a good deed to such interest, and that his title is good and unincumbered, and that I will defend the same against all claimants for and in consideration of five thousand dollars,. to me paid by him in the following manner, to-wit : Two hundred and fifty acres of land in Sebastian county, Arkansas, be the same more or less, known as the John Allen farm, and for which the said John B. Latham binds himself to make to me, the said Woods B. Latham, a good deed ; and the said John B. Latham further says that his title is good and unincumbered, and that he will defend the same against all claimants.    The said Woods B. Rogers agrees to allow the said John B. Latham for the same, the sum of two thousand dollars, and to accept an order on H. E. McKee & Co.,. merchants and traders of said city, for fourteen hundred dollars, payable in merchandise, and also merchandise of John B. Latham, to the amount of six hundred dollars ; and also to receive of said John B. Latham, bonds, notes and accounts for one thousand dollars, making in all, five thousand dollars.    It is, however, further stipulated by said Latham, that if said Rogers fails to collect the whole or any part of said bonds, notes, or accounts, he, said Latham,. will pay the whole or any part remaining unpaid six months from this date, with ten per cent. interest per annum.    It is further stipulated by said Latham, his heirs assigns,

administrators, etc., that the said Woods B. Rogers, in his. own behalf only and not any assignee, heir, legatee, administrator or other person whatever, can, and the said Latham grants to him the privilege of redeeming said. interest in his father's estate, at any time within two years from this date, on the following condition : that, the said Rogers should pay to the said Latham, his heirs, assigns, administrators, etc., five thousand dollars, with interest at ten per cent. per annum from this date, and the said Latham agrees that, in making such payments, said Rogers may, if he so wishes, put in the two hundred and fifty-five acres of land at $2000, with ten per cent. per annum ; the same to be unincumbered, with all improvements that may have been put thereon, without any allowance for the same. The parties hereto each hereunto set their hands and seals, this twenty-ninth day of January, 1867, and bind themselves to faithfully carry out this contract ; and the failure of either party to comply with it shall entitle the other to recover damages to the amount of not exceeding twenty-five hundred dollars.

"WOODS B. ROGERS, [SEAL.]"
"JOHN B. LATHAM,    [SEAL.]"

That afterwards, on the twenty-second of May, 1867, Meador & Co., merchants, recovered judgment in the Circuit Court of the United States for the Western District of Arkansas, for $776, against Latham and his partner, Brooks, under their partnership name of Brooks & Latham, and all the real estate acquired by Latham from Rogers was duly levied on by the marshal of the district to satisfy an execution issued on said judgment, and was duly sold to the plaintiff, at public sale, on the first day of November, 1869, and conveyed to him by the marshal on the twenty-fourth day of May, 1870. The real estate levied on and sold embraced a large number of city lots in Fort Smith, which

are described in the complaint, and in the marshal's deed, which is exhibited with it.

That on the fourth day of June, 1868, Latham granted, sold and conveyed all his interest in the one-sixth part of the estate of said John Rogers, deceased, to the defendant, John Stryker, and afterwards, on the twenty-first of July, 1870, said W. B. Rogers quit-claimed to Stryker all his interest in and to the estate. That these conveyances were the result of a conspiracy between Latham and Stryker to defraud Hershy of the property.

That afterwards, the defendant, Stryker, and the heirs of John Rogers, deceased, who are made defendants, united in a deed of partition, partitioning the real property of said John Rogers between themselves, allotting to said Stryker, in severalty, certain described lots as his one-sixth interest derived from said W. B. Rogers.

That this deed was also a fraud upon the plaintiff, and a cloud upon his title.

The complaint further alleges that at the time of the sale and conveyance by Rogers to Latham, there was no indebtedness of Rogers to Latham. That the judgment under which Hershy purchased said property was a lien upon it. The property had never been redeemed, and by his purchase and marshal's deed, he had acquired a good title to it.

Prayer that the said conveyances from Latham and W. B. Rogers to Stryker be declared fraudulent and void, and be cancelled; that the title vested in the lots set apart to him by the deed of partition be divested out of him and vested in the plaintiff, and for other proper relief.

The heirs of John Rogers made default; Stryker answered, denying the alleged frauds in the several conveyances under which he claimed title; denying that Latham had any title at the time the judgment was rendered, or that said judg-

ment was a lien upon the property, and asserting that the instruments above copied, together, constituted a mortgage, and not a sale of the property; that the plaintiff had acquired no title by his purchase under the judgment, and the defendant had acquired W. B. Rogers' equity of redemption by his quit-claim deed, and had redeemed from Latham, and had good title.

All the deeds referred to in the pleadings were exhibited, and were the only evidence produced at the hearing.

The court decreed as prayed in the complaint, and the defendant appealed.

*W. A. Compton*, for appellant :

The deed and written agreement, taken together, constituted a mortgage, and not a conditional sale. 17 *Ohio* 356 ; 2 *Story Eq. Juris.*, sec. 1019 ; *Doughty* v. *McColgan*, 6 *Gill. & J.*, 275 ; *Flagg* v. *Mann.*, 2 *Sumner*, 486 ; 3 *J. J. Marsh, Ky.*, 354 ; *Jones on Mortgages, vol.* 1, secs. 241, 244, *et seq; Shelber* v. *Robinson*, 7 *Otto*, 724 ; 13 *Ark.*, 116. Because the agreement limits the time to redeem, and the right of redemption is limited to the mortgagor alone, *does not make it any less a mortgage. Jones on Mortgages, vol.* 2, secs. 1039, 1041, *et seq.*

*Wm. Walker and W. A. Compton*, for appellant :

The conveyance was a mortgage. The use of the word "redeem" in the defeasance, instead of re-purchase or re-sale, is conclusive, but it is immaterial whether a mortgage or conditional sale, the judgment lien, which was general, and not special, could not prevail against prior equities.

A judgment lien is a mere contingency. Equitable mort-

gages, and even agreements for a mortgage, entitle the mortgagee to a preference over subsequent judgment creditors. *Delaine* v. *Keenan*, 3 *Dessaur's Rep.*, 70; *Foster* v. *Foust*, 2 *Sug. & R.*, 11; *Hurt* v. *Hurst*, 2 *Wash. Ct. Ct. Rep.*, 69.

See also, "*In the matter of How and wife*, 1 *Paige Ch.*, 124; *Burnie* v. *Main*, — *Ark.*, ——

*Duval & Cravens and U. M. Rose*, for appellee:

. The deed and instrument were a conditional sale. *Porter* v. *Clements*, 3 *Ark.*, 384; *Johnson* v. *Clark*, 5 *Ib.*, 321; 2 *Wash. on Real Prop.*, 4 *Ed.*, 67, (*Marg. p.* 492, *vol.* 1 *of 1st Ed.*) *Jones on Mortgages*, secs. 256 *to* 281; *Bispham on Equity*, sec. 154; 2 *Lead. Cases in Eq.*, 4 *Am. Ed.*, *p.* 1997; *Conway* v. *Alexander*, 7 *Cranch*, 218; *Glover* v. *Payn*, 19 *Wend.*, 518.

But if a mortgage, upon failure to redeem within the time limited, the mortgagee might maintain ejectment. *Jones on Mortgages*, sec. 719. There was no tender. *Ib.*, *sec.* 901; *Thomas on Mortgages*, *p.* 312. Even if there had been a tender, the time for redemption had elapsed. *Maynard* v. *Hunt*, 5 *Pick.*, 240.

HARRISON, J. The only question in this case for our consideration is, whether the deed from Rogers to Latham, and the agreement between them, which, as parts of the same transaction, must be construed together, constitute a conditional sale or a mortgage; and as no extrinsic facts or circumstances have been shown, the intention of the parties by which it is to be determined is to be ascertained from the instruments alone.

If intended as a security for money, or a debt, as is contended by the appellants, the contract was a mortgage; if

not, it was a conditional sale. *Johnson's Ex'r.* v. *Clark*, 5 *Ark.*, 321; *Porter* v. *Clements*, 3 *Ark.*, 364; 1 *Jones on Mort.*, 265; 2 *Wash. on Real Prop.*, 63.

No mention is made in the agreement of any note or other evidence of debt: and the only word found in it that is the least suggestive of the idea of the existence of a debt is that of *redeem*, which, in its connection in the instrument, might appropriately have been used as synonymous with *re-purchase*.

We can see nothing on the face of the agreement, or of both instruments as construed together, from which the inference may be drawn that a security for money was intended. On the contrary, the conclusion is clear, not only from their language and purport, but also from the absence of any mention or proof of any indebtedness, that the contract was a conditional sale, and not a mortgage.

The decree is affirmed.