### HAYS v. EMERSON.

#### Opinion delivered May 27, 1905.

1. DEED ABSOLUTE—WHEN PROVED TO BE MORTGAGE.—In the absence of fraud or imposition, it requires clear and decisive testimony to prove that a deed absolute in form was intended as a mortgage. (Page 454.)

2. SAME—CONTEMPORANEOUS AGREEMENT FOR RESALE.—The fact that the consideration for a deed absolute in form was a preexisting debt owing by the grantor to the grantee, and that a contemporaneous agreement was entered into for an immediate resale of the land to the grantor on credit for the same price, does not stamp the conveyance as a security for debt; if the relation of debtor and creditor ceased, the transaction is not a mortgage, but a sale and a contract of repurchase. (Page 554.)

Appeal from Columbia Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

This was an unlawful detainer suit brought by appellee against David Hays in the circuit court of Columbia County

for recovery of possession of certain lands described. Appellee alleged in the complaint that he was the owner of the lands, and on February 11, 1898, executed to Hays a written contract whereby he agreed to sell the land for $450 to be paid by Hays, as evidenced by his two promissory notes each for $225, due and payable on October 1, 1898, and October 1, 1899, respectively, with 10 per cent. interest; but that, if the defendant (Hays) failed to pay either of said notes, said contract of sale should be void, and upon such failure Hays should pay plaintiff $80 rent for the year 1898. He further alleged that Hays had failed to pay either of the said notes or the stipulated rent, and willfully and unlawfully held said premises after demand, etc.

The defendant answered, denying that he ever purchased or leased the land in question from the plaintiff, or that he ever occupied the premises as tenant of plaintiff, or recognized plaintiff as his landlord. He alleged that on February 11, 1898, he applied to plaintiff to furnish him supplies, and agreed to give him a lien on said land to secure payment of said supplies, and, at plaintiff's request, executed to plaintiff a warranty deed conveying said lands, but that the same was intended only as security for said debt for supplies, and that it was agreed between them that that should be the sole effect of said conveyance. He offered in the answer, to repay all sums owing to plaintiff, and asked that the case be transferred to equity; and that his said deed to plaintiff be declared to be a mortgage, and that an account be stated between the parties. On appellant's motion the cause was transferred to equity.

David Hays died pending the litigation, and the cause was revived in the names of the appellants, his heirs, and on final hearing a decree was rendered in favor of the plaintiff, and the defendants appealed.

Appellee exhibited with the complaint his contract with David Hays containing the following clause (after setting forth the terms of the agreement of sale) :

"And it is hereby further covenanted and agreed by and between the parties hereto that, immediately upon the failure to pay any of the notes above described, all previous payments shall be forfeited to the party of the first part, and the relation of

landlord and tenant shall arise between the parties thereto for one year from January 1 immediately preceding the date of default, and the said party of. the second part shall pay rent at the rate of $80 for occupying the premises from said January 1 to the time of default, such rent to be due and collectible immediately upon such default."

The undisputed facts are that appellee, who was a merchant, had been furnishing David Hays, who was an illiterate negro, money, goods and supplies in the usual course of business, and on February 11, 1898, Hays was indebted to appellee in the sum of $450, to secure which appellee held a mortgage on the lands in controversy, and conveyed the lands to him by warranty deed reciting a consideration of $450, and on the same day appellee executed to Hays the contract of sale and lease hereinbefore mentioned, and also agreed to furnish Hays supplies to enable him to make a crop that year. Hays paid nothing on the purchase money notes or the stipulated rent or debt for supplies. The value of the land was considerably in excess of said amount of consideration named in the deed and contract.

David Hays testified that he was indebted to appellee for supplies, and applied to him in February, 1898, for supplies to be furnished that year; that appellee required him to "fix up papers" for the supplies, and that he signed papers, but did not know that he signed a deed or mortgage, and did not sign any notes for the purchase price of the land. His testimony is a complete denial of the transaction as claimed by appellee, except that he was already indebted to appellee for supplies and "fixed up papers" for supplies to be furnished that year.

Appellee testified that Hays was indebted to him in the sum of $450.59 on February 11, 1898, to secure which he held a mortgage on the lands, and was about to foreclose the mortgage, and Hays, at his own request, sold and conveyed the land to him (appellee) for the amount of the debt, rather than to have the mortgage foreclosed, and that on the same day he agreed, as set forth in the written contract exhibited with the complaint, to sell the land back to Hays. He is corroborated by witness Peffley, his son-in-law and bookkeeper, who testified that he was present

when Hays signed the deed, notes and contract, and explained the transaction fully to Hays.

This is all the testimony, except that of one other witness who testified only as to the value of the land.

*Magale & McKay,* for appellants.

The deed from Hays to Emerson was given to secure a debt, and was therefore a mortgage. 27 Ark., 404; 31 Ark. 438; 40 Ark. 149. The condition in the contract that upon failure to make payments when due rent should be paid did not change the transaction from a mortgage to a sale. 2 Story, Eq. Jur. 1019; 29 Ark. 544; 16 S. W. 637.

*Stevens & Stevens,* for appellee.

The proof that the parties intended the instrument as a mortgage should be clear and conclusive. 3 Ark. 364; 40 Ark. 146; 54 Ark. 30; 14 Ark. 370; 19 Ark. 278; 31 Ark. 163. The presumption is in favor of the deed. 7 S. W. 206; 23 Ark. 212. The instrument was an absolute deed. 110 Pa. St. 521; 60 Pa. St. 199; 32 Id. 250. The time limited for the repurchase must be strictly observed. 47 Barb. 226; 15 Barb. 439; 80 Ala. 16; 48 Ark. 413; 44 Ark. 216.

McCULLOCH, J., (after stating the facts.) The finding of the chancellor that the deed of David Hays to appellee was intended as an absolute sale and conveyance, and not as a mortgage, is sustained by a preponderance of the testimony. The deed is absolute in form, and the burden is upon appellants to show that it was given and accepted as a mortgage, and, in the absence of fraud or imposition, the proof must be clear and decisive. *Williams* v. *Cheatham,* 19 Ark. 278; *Trieber* v. *Andrews,* 31 Ark. 163; *Harman* v. *May,* 40 Ark. 146.

It is insisted, however, that, the consideration for the deed being a pre-existing debt owing by the grantor to the grantee, the contemporaneous agreement for an immediate resale of the property to the grantor on credit for the same price stamps the conveyance as a security for the debt merely, and not an absolute conveyance, regardless of the real intention of the parties.

Such is not the law. The contemporaneous agreement for a resale and purchase does not, of itself, make the deed a mortgage. The conveyance must be judged according to the real intent of the parties. If there is a debt subsisting between the parties, and it is the intention to continue the debt, it is a mortgage; but if the conveyance extinguishes the debt, and the parties intend that result, a contract for a resale at the same price does not destroy the character of the deed as an absolute conveyance. *Porter* v. *Clements*, 3 Ark. 364; *Johnson* v. *Clark,* 5 Ark. 321; *Stryker* v. *Hershy,* 38 Ark. 264.

Mr. Pomeroy states the rule thus: "The criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of the existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulations they may have inserted in the instrument. On the contrary, if no such relation whatever of debtor and creditor is left subsisting, then the transaction is not a mortgage, but a mere sale and contract of repurchase. 3 Pom. Eq. Jur. § 1195. See also 1 Jones on Mortgages, § § 260, 265; *Adams* v. *Pilcher,* 92 Ala. 474; *Henley* v. *Hotaling,* 41 Cal. 22.

"If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land to the grantor upon receiving a certain sum within a specified time does not create a mortgage, but a conditional sale, and the grantee holds the premises subject only to the right of the grantor to demand a reconveyance according to the terms of the agreement." 1 Jones on Mort. § 265.

In *Kraemer* v. *Adelsberger,* 122 N. Y. 467, Judge Parker, delivering the opinion of the court on this subject, says: "In determining whether a contract is to be treated as a mortgage, or a conditional sale, or a conveyance in fee, courts have commented upon the presence or absence of various particulars which commonly accompany mortgages, but the essential feature necessary to create a mortgage is that it should be a conveyance intended as a security."

It follows from these authorities that a conveyance absolute in form is not converted into a mortgage by a contemporaneous agreement for a resale and purchase, where it is not shown that the parties intended to give that effect to the transaction.

The testimony in this case not only fails to show that the parties intended the deed in question as a mere security for debt, but a preponderance of the testimony established the fact affirmatively that it was intended as an absolute conveyance in fee in satisfaction of the debt. So by no rule of construction can it be held to be a mortgage.

The decree is affirmed.