RUSHTON *v.* MCILLVENE.

Opinion delivered November 30, 1908.

| 88    299 |
| f88   337 |
| f88   369 |

1. MORTGAGES—DEED ABSOLUTE IN FORM—SUFFICIENCY OF EVIDENCE.—While a deed absolute on its face is presumed to be an absolute deed, equity will permit parol evidence to be introduced to show that it was intended as a mortgage; but to overcome the presumption of law and establish the character of a mortgage the evidence must be clear, unequivocal and convincing. (Page 301.)

2. SAME—EXISTENCE OF DEBT AS TEST.—The test whether an absolute conveyance was intended as a mortgage is whether there was a debt existing which the conveyance was intended to secure. (Page 301.)

Appeal from Columbia Chancery Court; *Emon O. Mahoney,* Chancellor; reversed.

*Stevens & Stevens,* for appellant.

No fraud is alleged or shown. A deed absolute on its face will not be construed as a mortgage, unless the evidence is clear and decisive that it was given and accepted as a mortgage. 19 Ark. 278; 31 Ark. 163; 40 Ark. 146; 75 Ark. 554.

*C. W. McKay,* for appellee.

BATTLE, J. The question in this case is, was the deed executed by R. L. Emerson and his wife to A. Rushton, on the 9th day of December, 1905, whereby they conveyed to him block thirty in the town of Emerson, and covenanted with the grantee that they would forever warrant and defend the title thereto against all claims whatever, a mortgage? The trial court held that it was a mortgage, and Rushton appealed.

The block was sold by R. L. Emerson to J. M. McIllvene on time. Emerson executed to McIllvene a bond for title and bound himself to convey to McIllvene when the purchase money was paid. McIllvene, being unable to pay the purchase money at the time it became due, applied to Rushton for a loan of money, and offered to secure the same, if made, by mortgaging the block.

Rushton testified as follows: "He refused to loan him the money, but purchased the block from him, agreeing to pay therefore the sum of $225. On the 9th day of December, 1905, the day after the agreement to pay $225, McIllvene caused Emerson to convey the block to Rushton, and in a few days thereafter Rushton paid the $225 to McIllvene, who was to remain in pos-

session of the block, free of rent, until the first day of July following. About two weeks after the conveyance McIllvene offered to purchase the block at $250, and Rushton agreed to sell at that price, and to give him until the first of July following to pay for it. On the 27th of July, 1906, he tried to get him to pay as much as $50 of the purchase price, and he (McIllvene) said he was unable to do so, and moved off and left the place, and Rushton took possession. About the last of December, 1906, he (McIllvene) offered to return the $225 and interest to Rushton, and he refused to accept it, saying that the block was his, and he had a deed for it."

J. M. McIllvene testified: In December, 1905, he applied to Rushton for a loan of $225, and offered to secure the loan by a mortgage on the block. He (Rushton) refused to loan the money at ten per cent. per annum, but said he would loan it to witness until the first day of July, 1906, if he would pay him $25 for the use of it, and witness promised to do so, and upon "this agreement caused Emerson to make the deed executed by him (Emerson); and Rushton loaned witness the $225 until the first of July following. This agreement was not reduced to writing, witness believing that Rushton would perform his contract. About the 27th of July, 1906, Rushton urged witness to pay him as much as fifty dollars of the amount he loaned him, and he, witness, replied that he was unable to do so, but he was going to leave the houses, "and if he (Rushton) could rent them out until Christmas, he, witness, would give him the rent above the interest on his money," and he said he would do it. In December, 1906, witness offered to return the money and interest, and he, Rushton, refused to accept it. On cross-examination witness testified that it was not stated by Rushton or himself or both of them in the presence of Alex. Mullins that Rushton had agreed to re-sell witness the place for $250, to be paid on the first day of July, 1906.

Henry Rushton, the son of A. Rushton, testified: A night or two before Emerson executed the deed for the block McIllvene applied to his father for a loan of money, and he (father) refused.

Alex. Mullins, a son-in-law of A. Rushton, testified: "A. Rushton called him to witness a transaction he had with Mc-

Illvene in respect to lands, and stated that he was to give Mc-Illvene $225 for the land, and McIllvene was to have the use of it until July, 1906, and until then was to have the privilege of buying it at $225."

Is this evidence sufficient to prove that the deed executed by Emerson to Rushton was intended for a mortgage?

Mr. Pomeroy says: "The general doctrine is fully established, and certainly prevails in a great majority of the States, that the grantor and his representatives are always allowed in equity to show, by parol evidence, that a deed absolute on its face was only intended to be a security for the payment of a debt, and thus to be a mortgage, although the parties deliberately and knowingly executed the instrument in its existing form, and without any allegations of fraud, mistake, or accident in its mode of execution. As in the last preceding case, the sure test and the essential requisite are the continued existence of a debt. If there is no indebtedness, the conveyance can not be a mortgage; if there is a debt existing, and the conveyance was intended to secure its payment, equity will regard and treat the absolute deed as a mortgage. The presumption, of course, arises that the instrument is what it purports on its face to be, an absolute conveyance of the land; to overcome this presumption, and to establish its character as a mortgage, the cases all agree that the evidence must be clear, unequivocal and convincing, for otherwise the natural presumption will prevail." *Hays* v. *Emerson,* 75 Ark. 551; *Williams* v. *Cheatham,* 19 Ark. 278; *Trieber* v. *Andrews,* 31 Ark. 163; *Harman* v. *May,* 40 Ark. 146; *Coyle* v. *Davis,* 116 U. S. 109; *Cadman* v. *Peter,* 118 U. S. 73; 3 Pomeroy's Equity Jurisprudence (3 Ed.), § 1196, and cases cited.

According to the foregoing test, which is correct, the evidence is not sufficient to overcome the presumption arising from the deed of Emerson and wife to Rushton, and it must be treated as it purports to be, an absolute conveyance.

Reversed and remanded with directions to the court to enter a decree in accordance with this opinion.