## REYNOLDS *v.* BALDING.

### Opinion delivered March 9, 1931.

*Hogue & Burney,* for appellant.

*Jno. E. Miller, C. E. Yingling* and *J. R. Linder,* for appellee.

HART, C. J., (after stating the facts). We have copied the deed from Mrs. Mary E. Mason to her daughter, Gertrude Balding, in our statement of facts, and it need not be repeated here. It is well settled in this State that, if a deed duly executed and so drawn as to convey a present title, is deposited by the grantor with a third person with directions to deliver it to the grantee after the death of the grantor, and the grantor reserves no dominion or control over the deed, the deed is not an attempted testamentary disposition, but is effective as a conveyance of the title as of the date when the deed is deposited. *Cribbs* v. *Walker,* 74 Ark. 104, 85 S. W. 244; *Fine* v. *Lasater,* 110 Ark. 425, 161 S. W. 1147; and *Brown* v. *Brown,* 134 Ark. 380, 203 S. W. 1009.

In *Sutton* v. *Sutton,* 141 Ark. 93, 216 S. W. 1052, it was held that an instrument, in the form of a warranty deed, and acknowledged as such, and so headed, conveying land to a grantee, "and unto his heirs and assigns forever," but with an habendum clause making the instrument inoperative until the grantor's death, is a deed and not a will. The court said that the limitation does not defeat the passing of the title, but does reserve possession to the grantor during his lifetime.

In the application of these principles of law, we are of the opinion that the chancellor properly held that the instrument under consideration in this case was a deed from Mrs. Mary E. Mason to Gertrude Balding, and conveyed the title from the grantor to the grantee.

It is claimed, however, that there was no delivery of the deed from the grantor to the grantee. The record shows that the deed was executed on the 26th day of March, 1918, and acknowledged on the same day. It was filed for record on April 9, 1918. The recording of the deed raises a presumption of the delivery to and acceptance thereof by the grantee. It is evidence of the most cogent character tending to show delivery. It is a solemn proclamation to the world that there has been a transfer of the title to the property from the grantor to the grantee, of which our law makes every one take notice. *Graham* v. *Suddeth,* 97 Ark. 283, 133 S. W. 1033; and *Holland* v. *Alexander,* 147 Ark. 513, 227 S. W. 778.

But, it is contended that the *prima facie* evidence of delivery by recording the deed was overcome by the repeated statements of the grantor to her other children afterwards that she had never delivered the deed to her daughter, Gertrude Balding, and by the subsequent deed which she made which contains a recitation that it is made for the purpose of cancelling the deed which she had formerly executed to Gertrude Balding on the 26th day of March, 1918, and which had been recorded on the 9th day of April, 1918. In the first place, it may be said that the execution of this later deed to her daughter,

Olive E. Miles, contains an express recitation that she had executed the first deed to her daughter, Gertrude Balding. Neither the testimony of the witnesses as to the declarations of their mother, Mary E. Mason, relative to her execution of the first deed to her daughter, Gertrude Balding, nor her subsequent recital in the deed to her daughter, Olive E. Miles, which was not made in the presence of Gertrude Balding, are admissible in evidence to defeat the deed to her. It is well settled in this State that the acts and declarations of the grantor or of a person in possession of a tract of land are admissible to show the character and extent of his possession, but not to contradict his deed to another. It has always been held by this court that the declarations of a grantor against the title of his grantee, made in the latter's absence, are not admissible in evidence to defeat the title of the grantee. *Prater* v. *Frazier,* 11 Ark. 249; *King* v. *Slater,* 96 Ark. 589, 133 S. W. 173; *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139; and *Brown* v. *Brown,* 134 Ark. 380, 203 S. W. 1009.

Therefore, we are of the opinion that the court correctly awarded the title to the land in the plaintiff. It is next insisted that the defendant, Marshall B. Reynolds, had possession of the land, and that the chancery court had no jurisdiction of the case. The record shows that the case was first brought in the chancery court and then transferred to the circuit court. Subsequently, the case was retransferred without objection by the circuit court to the chancery court. Hence, under our settled rules of practice, the chancery court had jurisdiction to try the case, and any objections to the jurisdiction of the chancery court were waived by the failure to object at the time and to save exceptions to the action of the court. *Taylor* v. *Bank of Mulberry,* 177 Ark. 1091, 9 S. W. (2d) 578, and cases cited.

It follows that the decree of the chancery court must be affirmed.