BELOATE v. TAYLOR.

4-6312                                        150 S. W. 2d 730

Opinion delivered April 14, 1941.

230

*W. A. Jackson* and *W. E. Beloate,* for appellant.

*D. M. Hines* and *J. L. Taylor,* for appellee.

HOLT, J. October 28, 1939, appellees filed suit against Kate O. Beloate to remove a cloud on their title, and to quiet their title, to a lot in Corning, Arkansas.

They alleged in their complaint that they owned and were in possession of the lot in question and that they had obtained title through warranty deed from James R. Rhyne, who owned the property by virtue of a warranty deed from S. R. Beloate.

They further alleged title by virtue of a deed from the state of Arkansas following a deed to it growing out of a tax sale for the year 1934 and confirmation of the state title under act 119 of the Acts of 1935.

They further alleged that appellant, Kate O. Beloate, claimed some interest in the property by virtue of an unrecorded deed from S. R. Beloate.

Appellant demurred to this complaint on the grounds that the chancery court was without jurisdiction, that the deed from S. R. Beloate to James R. Rhyne showed on its face that it was a mortgage and was barred by the five-year statute of limitation. The court overruled this demurrer, whereupon appellant filed answer and cross-complaint, alleging in substance the grounds set out in her demurrer and in addition alleged title by adverse possession and invalidity of appellees' tax deed from the state.

Appellees filed reply, denying all the material allegations of the answer and cross-complaint.

Upon a hearing the court found the issues in favor of appellees, ordered appellant's deed canceled as a cloud upon their title and quieted title to the property in appellees. Appellant has appealed.

The record reflects that on July 1, 1929, S. R. Beloate (single), the then owner of the property in question, conveyed it by warranty deed, for a consideration of $350, to James R. Rhyne. This deed from Beloate to Rhyne is in the usual form of a warranty deed except that it contains this additional provision: "It is agreed, however, that should the said S. R. Beloate repay to the said J. R. Rhyne, within one year from this date, the aforementioned sum of $350 with interest at the rate of ten per cent. from date, then this instrument shall be indorsed as void and returned, otherwise in full force and effect."

February 9, 1938, Rhyne and wife conveyed the property by quitclaim deed to appellees. February 12, 1938, the commissioner of state lands conveyed this property to appellees. October 3, 1938, title to this property was confirmed in the state under the provisions of act 119 of the Acts of 1935.

The record further reflects that September 8, 1926, S. R. Beloate conveyed the property in question to appel-

lant, Kate O. Beloate, by warranty deed, with a reservation of a life estate. This deed to appellant, however, was not recorded until August 25, 1938, and appellees had no notice of its execution until after their deeds from Rhyne and the state.

The first contention urged by appellant here is that the chancery court was without jurisdiction. On this point, without attempting to abstract the testimony, we are clearly of the view that the preponderance thereof supports appellees' allegation in their complaint that they were in possession when this suit was instituted.

Appellees sought in their complaint to remove a cloud on their title and to quiet title in themselves. These were purely of equitable cognizance. In *Sanders v. Flenniken*, 180 Ark. 303, 21 S. W. 2d 847, this court held (quoting headnote No. 1): "A suit to cancel certain conveyances as clouds upon plaintiffs' title is purely of equitable cognizance, though plaintiffs ask that title to the land be declared in themselves, and that they have possession under claim of title."

In further support of the chancery court's jurisdiction, it appears that not only the demurrer and answer of appellant set up the equitable defense that the deed from S. R. Beloate to James R. Rhyne was intended as a mortgage, but appellant alleges in her cross-complaint that this alleged deed from Beloate to Rhyne was a mortgage and barred by the five-year statute of limitation. Section 8933, Pope's Digest.

The determination of whether this was a deed or a mortgage was for a court of equity. In *Commercial National Bank, Trustee v. Cole Building Co.*, 200 Ark. 212, 138 S. W. 2d 794, this court said (quoting from *Gibbs v. Bates*, 150 Ark. 344, 234 S. W. 175): ". . . of course, when the defendant files a cross-bill founded on matters clearly cognizable in equity, this supplies any defect in jurisdiction and places the court in possession of the whole case and imposes upon it the duty of granting relief to the party entitled to it."

Appellees did not ask for possession of the property for the reason that they were already in possession, the

purpose of their suit being, as indicated, to remove the cloud upon their title and to quiet title in themselves. The chancery court properly assumed jurisdiction.

We are further of the view that the deed from S. R. Beloate to James R. Rhyne of July 1, 1929, *supra*, is in fact a warranty deed and not a mortgage and, therefore, conveyed all of Beloate's title and interest in and to the lot in question to Rhyne.

In determining whether an instrument is a deed or a mortgage the test is: Did a debt exist at the time the instrument was executed, and was the instrument of conveyance intended by the parties to secure the debt. It requires clear and decisive testimony to prove that a deed absolute in form was intended as a mortgage. See headnote No. 1 in *Hays* v. *Emerson,* 75 Ark. 551, 87 S. W. 1027. In the Hays case, this court said: "The conveyance must be judged according to the real intent of the parties. If there is a debt subsisting between the parties, and it is the intention to continue the debt, it is a mortgage; but if the conveyance extinguishes the debt, and the parties intend that result, a contract for a resale at the same price does not destroy the character of the deed as an absolute conveyance. *Porter* v. *Clements,* 3 Ark. 364; *Johnson* v. *Clark,* 5 Ark. 321; *Stryker* v. *Hershy,* 38 Ark. 264."

In the Johnson-Clark case, *supra,* the instrument involved was in the form of a warranty deed, but contained the following provision: ". . . if I, Benjamin Clark, my heirs, executors, or administrators, shall well and truly, within twelve months from the date hereof, pay to the said Edward Johnson, Jr., his heirs, executors, or administrators, the aforesaid sum of $2,950, then the above deed of bargain and sale, to be void in law, else to be and remain in full force and virtue." This court in holding that the instrument was a deed and not a mortgage, among other things, said:

"The instrument in question partakes somewhat of the form, although it is far from being technically a mortgage. A mortgage is in form like any absolute deed of conveyance, except that in reciting the consid-

eration it alludes to the debt, which should generally be set out at length in the condition; and the sale is defeasible upon the payment of the debt therein named. . . .

"The condition, it is true, gives to Clark, or his legal representatives, the privilege of repaying the purchase money within twelve months, 'then the above deed of bargain and sale to be void in law, else to be and remain in full force and virtue.' Now, a mortgage usually recites that upon the payment of the note, bond, or bill, then the same as well as the mortgage to be void. If the parties were really executing a mortgage, they ought to have explained themselves in terms no less strong than that set forth . . .

"In the case at bar, Clark executes the conveyance which he calls a bargain and sale, and he accompanies the same by a delivery, reserving to himself the right to repay the purchase money within twelve months. But he executes no covenant by which he acknowledges an indebtedness nor can it be gathered from the instrument that there is any certain obligation on his part to do so. By repaying the money he has a right to demand possession of the negroes, but should he fail to do so where was the remedy to Johnson? Had he any contract which he could enforce *in personam* or *in rem?* We are of the opinion that he had not. In the case of *Conway* v. *Alexander*, above cited, we have seen that if adults choose to make these conditional sales to become absolute on a certain contingency, courts of chancery will not become their guardians, nor will they do more than inquire what were their intentions. . . ." See, also, L. R. A. 1916B, p. 216.

The evidence here is not of that clear and convincing nature required to establish appellant's contention that the instrument in question was intended to be a mortgage.

We are also of the view that the trial court correctly held that appellees' tax title from the state to be valid and superior to appellant's claim of title. It appears from the record that the state obtained title by sale to it for delinquent taxes for the year 1934. Title was

confirmed in the state October 3, 1938, under the provisions of act 119 of the Acts of 1935. The commissioner of state lands deeded this property to appellees February 12, 1938, and this deed conveyed to appellees whatever title the state possessed by reason of the tax sale and subsequent confirmation. More than one year had elapsed from the date of the above decree until the filing of the present suit, and the decree is not now subject to collateral attack.

This court has uniformly held that a confirmation decree under act 119, *supra,* cures all defects in the tax sale where there is not lacking the power to sell. *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251.

The only serious attack attempted to be made by appellant upon the state's tax title is her claim that one of the appellees at the time of the tax forfeiture was collector for the improvement districts in which the forfeiture occurred and that as such collector he could not allow the property belonging to the district to sell for taxes and buy it in himself. We think the great preponderance of the testimony, however, is against this contention.

Finding no error, the decree is affirmed.