HUDGENS *v*. TAYLOR.

4-7187 · 176 S. W. 2d 244

Opinion delivered December 13, 1943.

*C. M. Erwin,* for appellant.

*Kaneaster Hodges,* for appellee.

McHaney, J.   On April 23, 1940, Annie Randall, now deceased, executed and delivered to appellee her note, secured by deed of trust on the property here in controversy for $1,200 payable one year after date.  The deed of trust contained this clause: "This sale is on condition that whereas I (am) justly indebted to E. Taylor in the sum of twelve hundred dollars as evidenced by a promissory note of given date—and a warranty deed held in escrow by the First National Bank, Tuckerman, Arkansas, made in favor of E. Taylor, and to be delivered to him either upon my order or at my death." At the same time, or as a part of the same transaction, she executed a warranty deed conveying the same lands covered by the deed of trust to appellee and delivered same to said bank to be held in escrow and to be delivered to appellee on her order or on her death.  She was indebted to appellee in said sum on the date of said note and thereafter became further indebted to him, he being her agent in collecting her rents, paying her taxes and generally conducting her business.

Annie Randall died testate in Jackson county on January 30, 1942, and her will was admitted to probate in March, 1942.  Appellant Hudgens was appointed executor and was the sole beneficiary under said will, but is not a relative of the testatrix.

Appellee brought this action in the first count to recover judgment on said note for the amount thereof with interest and a foreclosure of said deed of trust. In the alternative and in a second count, he prayed that title to said lands be quieted and confirmed in him by reason of said warranty deed, same having been delivered to him on the death of said Annie Randall.  An answer with a general denial was filed to count one and a demurrer to count two.  The demurrer was overruled and an answer filed to the second count.  Other pleadings were filed by both parties, but we deem it unnecessary to

set them out. Trial resulted in a decree for appellee that he is the fee simple owner of said lands and that appellants have no interest therein, and title thereto was quieted and confirmed in appellee.

On this appeal appellants concede the validity of the note and deed of trust and that the latter should be foreclosed. As stated by appellants, "So the question in this appeal is whether or not the deed from Mrs. Randall to appellee conveyed title." Two contentions are made by appellant to reverse the judgment, first that there was no sufficient delivery of the deed to the bank; and, second, that the deed was intended as security for the debt and not as an absolute conveyance.

As said by the late Chief Justice HART, in *Reynolds* v. *Balding,* 183 Ark. 397, 36 S. W. 2d 402: "It is well settled in this state that, if a deed duly executed and so drawn as to convey a present title is deposited by the grantor with a third person with directions to deliver it to the grantee after the death of the grantor, and the grantor reserves no dominion or control over the deed, the deed is not an attempted testamentary disposition, but is effective as a conveyance of the title as of the date when the deed is deposited. *Cribbs* v. *Walker,* 74 Ark. 104, 85 S. W. 244, at p. 255; *Fine* v. *Lasater,* 110 Ark. 425, 161 S. W. 1147, Ann. Cas. 1915C, 385; and *Brown* v. *Brown,* 134 Ark. 380, 203 S. W. 1009."

The facts and circumstances in connection with the execution and delivery of this deed are best shown by the testimony of the cashier of the bank, L. F. Farmer, who, it is true did not remember all the details on his first examination, but at a later examination, after reflecting on the matter, did give testimony amply sufficient to warrant the trial court in accepting it and in finding that Mrs. Randall did deliver to the bank her warranty deed to said land to be held by it and delivered on her order or her death; that it was left in the directors' room with Mr. Farmer who took it to the front of the bank and placed it in a box in the bank's private vault where it was continuously kept until after Mrs. Randall's death, when it was delivered to appellee. She retained no dominion or control over said deed, so it

appears to us, as it did the trial court, that this was an effective delivery and conveyed the title as of the date of its deposit.

■ Was the deed intended as a mortgage? We agree with trial court that it was not. As said by the late Justice BUTLER *in Buffalo Stave & Lumber Co.* v. *Rice,* 187 Ark. 731, 62 S. W. 2d 2: ".  .  . in determining whether a deed absolute on its face is such, indeed, or only to be considered as a mortgage, the real question for the court's determination is what was the intention of the parties at the time;  .  .  ." Several witnesses *testified* to conversations with Mrs. Randall after the date of the deed to the effect that appellee would pay her bills as she had deeded her property to him to take effect at her death. What was the purpose in giving the deed, if not to pass title? No useful purpose could be served by giving two mortgages on the same land, at the same time, to secure the same debt. She was a childless widow at the time with only collateral heirs and she no doubt wanted her friend and benefactor to have the land without the expense of foreclosure. There is a presumption that the deed is in fact a deed and not a mortgage and the rule is that, to overcome such presumption, the evidence must be clear and convincing. It is stated thus, in *Rushton* v. *McIllvene,* 88 Ark. 299, 114 S. W. 709: "The presumption, of course, arises that the instrument is what it purports on its face to be, an absolute conveyance of the land; to overcome this presumption, and to establish its character as a mortgage, the cases all agree that *the evidence must be clear, unequivocal and convincing,* for otherwise the normal presumption will prevail." We think appellants wholly failed to meet the clear and convincing rule to overcome the presumption that the deed was in fact intended as a conveyance of the title. Cases cited by appellants, such as *Beloate* v. *Taylor,* 202 Ark. 229, 150 S. W. 2d 730, are not in point.

The decree is correct and is accordingly affirmed.

McFADDIN, J. (dissenting). I respectfully dissent from the majority, because I am of the opinion that the decree of the lower court should be reversed and the cause remanded with directions to foreclose appellee's mortgage. My reasons are:

(1) In consider the delivery of the deed to Mr. Farmer wholly insufficient to constitute a delivery of the deed into escrow. A study of the record convinces me that Mrs. Randall left the deed with Mr. Farmer (a) to be delivered on her order, or (b) on her death to be delivered to Mr. Taylor. That arrangement gave Mrs. Randall control over the deed as long as she lived; and so there was no delivery beyond her control.

(2) It is absolutely undisputed that the note, mortgage and deed were all executed as one transaction; and thus the deed was executed with a defeasance clause, and therefore was a mortgage. The rule "once a mortgage always a mortgage" certainly applies. See Jones on Mortgages, 8th Ed., § 8. The necessity of applying the rule to this case is materially strengthened by the fact that the mortgage provided for future advances, and Mr. Taylor (according to statements made by Mrs. Randall) agreed to pay her bills. The conveyance was thus to support the advances that Taylor might make; and was, therefore, a mortgage.