REED *v.* CUNNINGHAM, CHANCELLOR.

5-2609                                          357 S. W. 2d 261

Opinion delivered May 21, 1962.

*Kaneaster Hodges,* for appellant.

*Fred M. Pickens, Jr.,* for appellee.

CARLETON HARRIS, Chief Justice.   This is a petition for a writ of prohibition wherein we are asked to direct the Chancellor of the 8th Chancery District to refrain from a trial of a cause now docketed in his court, and to retransfer the cause to the Jackson Circuit Court. On February 2, 1959, C. W. Reed filed an action in unlawful detainer against O. D. Mitts in the Jackson Circuit Court. A bond was filed by Reed for the purpose of obtaining immediate possession. Mitts filed a cross-bond, but his sureties subsequently withdrew, and possession of the premises passed to Reed. Mitts did not, and has not, to the date of this proceeding, filed a pleading of any nature. The Circuit Court docket sheet reflects that on February 26, 1959, Mitts was granted an extension of ten days; on May 8, 1959, the case was set for jury trial, and on May 29, 1959, the Jackson Circuit Court entered the following order:

"Now on this 29th day of May, 1959, being a pre-trial day of Jackson County Circuit Court, this cause comes on to be heard on the regular call of the docket, with the plaintiff appearing by his attorney, and with the defendant appearing by his attorney, after hearing each side in this cause of action finds that this cause is in equity.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that this cause of action be transferred to the Jackson County Chancery Court."[1]

The chancery docket sheet reflects that the cause was set for trial in that court by agreement, for September 25, 1959; on that date, it was set for October 27, 1959; at that time it was reset for November 24, 1959. On this late date, it was reset for a day in January, and on January 26, 1960, a motion was made to transfer the case back to Circuit Court. On April 8th, the motion was denied. In the meantime, on November 4, 1959, the discovery deposition of Arthur Damouth was taken.

Petitioner seeks the writ of prohibition, contending that the only pleading in the case is the complaint, wherein the landlord seeks possession of his premises from the tenant, and that this is a legal action not cognizable in equity. We do not agree that prohibition will lie under the facts herein set out. The order, heretofore quoted, reflects that counsel for both parties appeared in the Jackson Circuit Court, and a hearing was conducted, after which the court transferred the cause to the Chancery Court. We, of course, do not know what facts were developed at this hearing, but the then counsel for petitioner was certainly aware of the nature of the defense and the basis for the court's action. The chancery docket reflects that the cause was set in that court for hearing *by agreement*. In fact, the record does not reflect any

---

[1] The lawyer appearing for Reed was not the same attorney who presently represents petitioner. Reed's first attorney withdrew from participation in the case, the second attorney died, and present counsel did not enter the case until all the court proceedings, mentioned in this opinion, had already taken place.

objection to either the order transferring the cause from circuit to chancery, or the Chancellor's order refusing to transfer the cause back to the circuit court. In *Green* v. *Garrett,* 225 Ark. 311, 280 S. W. 2d 905, this Court said:

"The plaintiffs' lack of possession does not involve a complete absence of judicial power over the subject matter, as would be true if a chancery court attempted to try a criminal case or to probate a will. Instead, the present objection goes merely to the adequacy of the remedy at law and is waived if not timely interposed."

In *Reynolds* v. *Balding,* 183 Ark. 397, 36 S. W. 2d 402:

"It is next insisted that the defendant, Marshall B. Reynolds, had possession of the land, and that the chancery court had no jurisdiction of the case. The record shows that the case was first brought in the chancery court and then transferred to the circuit court. Subsequently, the case was retransferred without objection by the circuit court to the chancery court. Hence, under our settled rules of practice, the chancery court had jurisdiction to try the case, and any objections to the jurisdiction of the chancery court were waived by the failure to object at the time and to save exceptions to the action of the court."

In *Richards* v. *Maner, Judge,* 219 Ark. 112, 240 S. W. 2d 6, in quoting from an earlier case, we said:

" 'The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. To illustrate: The circuit judge certainly had jurisdiction to pass upon the motion to transfer to equity the case pending in its court. If it erroneously transferred the case to equity, prohibition is not the remedy. It can be corrected only on appeal.' We then want on to point out that the party objecting to the transfer should have saved his objection and preserved his point for consideration by this court on appeal from the trial court's final judgment."

The question of defendant's failure to file an answer is a matter that can properly be presented on appeal; in fact, we find nothing in the entire record that indicates petitioner's remedy by appeal to be inadequate.

Writ denied.