STORTHZ v. BANK OF ENGLAND.

Opinion delivered April 24, 1916.

REFORMATION OF DEEDS—ALLEGATIONS—MUTUAL MISTAKE—NOTICE.—Before a court of equity will assume jurisdiction for the purpose of reforming a deed, there must be a distinctly accurate allegation concerning the mutual mistake of the parties, and in order to establish the right to reform the deed against intervening mortgagees, there must be a distinct allegation as to notice. Relief from mistake can be obtained only upon specific allegations and convincing proof.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*W. T. Tucker,* for appellant.

1. A mistake in the description of property mortgaged can be corrected. 51 Ark. 394-5; 48 Mo. 367; etc. The description should have been reformed. The appellees had notice sufficient to put them on inquiry. Under the facts appellant had a mortgage on the right land, the land intended. 60 Ark. 304; 77 *Id.* 41; 50 *Id.* 179; 79 *Id.* 592; 83 *Id.* 131; 87 *Id.* 371; 89 *Id.* 259; 61 *Id.* 123; 92 *Id.* 63; 98 *Id.* 10.

2. Reformation in a series of deeds works back to the original. 33 Ark. 120; 61 *Id.* 123; 54 Ark. 153.

4. Equity will reform although the statute provides a mortgage is not a lien until recorded. 33 Ark. 119; 61

*Id.* 123; 18 *Id.* 105; 20 *Id.* 190; 6 *Id.* 595; 43 *Id.* 464; 37 *Id.* 511; 11 Ohio St. 283.

*Watson & Perkins,* for appellee.

1. The complaint was fatally defective as a bill for reformation of a mortgage. 18 Enc. Pl. & Pr., p. 802-3 and note 2; 34 Cyc. 974; 83 Ark. 131; 89 *Id.* 309; 61 W. Va. 561; 56 S. E. 902; 69 Ill. 329; 34 Cyc. 957.

2. The complaint is also insufficient in its allegations of notice, mutual mistake, etc. Cases *supra.*

*Trimble & Williams,* for Bank of England.

1. A properly executed, delivered and recorded mortgage will take precedence over a prior one where there is a total mistake in description of the land. A *bona fide* purchaser for value, without notice will prevail in equity. No case for reformation was made. 42 Ark. 370; 34 Cyc. 956; 28 L. R. A. (N. S.) 909.

2. Appellant had no lien. Kirby's Digest, § § 5395-6; 97 Ark. 436. The demurrer was properly sustained.

McCULLOCH, C. J. It appears from the pleadings in this case that one Eli Green owned forty acres of land in Lonoke County, Arkansas, described as the southeast quarter of the southeast quarter of section 29, township 1 south, range 9 west. In the year 1905 Green executed to appellant Storthz a mortgage to secure a debt of $900 for borrowed money on a tract of land described in the mortgage as the southeast quarter of the northwest quarter of section 29, township 1 south, range 9 west, in Lonoke County, Arkansas. Subsequently Green mortgaged his land, under a proper description, (southeast quarter of the southeast quarter of said section 29) to the Colonial & United States Mortgage Company, and still later, on January 12, 1914, he executed to appellee, Bank of England, a mortgage on said land to secure a debt of $550. On February 11, 1914, which was after the execution and recording of the mortgage to the Bank of England, Green renewed his note to appellant Storthz and executed a new

mortgage correctly describing the land as the southeast quarter of the southeast quarter of said section 29.

The Bank of England instituted proceedings in the chancery court of Lonoke County for the foreclosure of its mortgage, and appellant Storthz filed an intervention, setting up the execution of his mortgages, and asked that the first mortgage be reformed so as to correctly describe the land. The Colonial & United States Mortgage Company was made a defendant in said intervention, as well as the Bank of England, and both of said defendants in the intervention demurred to the complaint of Storthz. The court sustained the demurrer to the complaint of the intervener and dismissed the same insofar as it was sought to reform the first mortgage and establish the same as a lien prior to those of the Bank of England and the Colonial & United States Mortgage Company, but allowed the last mortgage executed to appellant Storthz to be foreclosed, subject to prior liens of the other two mortgagees. Storthz has appealed to this court.

The intervention plea of appellant was deficient, we think, in two particulars, namely in failing to allege that there was a mutual mistake or that either of the two intervening mortgagees had notice of the fact that the mortgage to appellant was intended to cover the southeast quarter of the southeast quarter of section 29. It will be noticed that the two descriptions are widely at variance with each other, describing forty acre subdivisions in different quarter-sections. The record of Storthz's mortgage containing the inaccurate description did not, therefore, constitute constructive notice that it was intended to cover the lands in controversy. *Neas v. Whitener-London Realty Co.,* 119 Ark. 301, 178 S. W. 390.

The only allegation in the plea of appellant concerning the intention of the parties in the execution of the first mortgage is as follows: "That when the first described mortgage was executed and delivered to L. Storthz, and which is attached hereto and made a part of this complaint, the description therein given of the premises intended to be given as the security was erro-

neous in that it was described as follows: The southeast quarter of the northwest quarter of section 29, township 1 south, range 9 west. And that as described the defendant did not own the land passed as security on the description, as that was not land owned, to L. Storthz, and to make it conform to the actual intention of the parties it is necessary that the description should be amended so as to make it read as follows: Southeast quarter of the southeast quarter of section 29, township 1 south, range 9 west." And the only allegation in said plea concerning notice to either of the two prior mortgagees is the statement "that when the deeds of trust last above described were executed the records of Lonoke County showed that he had his mortgage on file and recorded, except his last deed of trust, and the records show that the defendants, Eli Green and wife, Lulu Green, did not own any other land in Lonoke County, Arkansas; that when the Colonial & United States Mortgage Company, Ltd., received their deed of trust two of its men had personal notice and were told that L. Storthz had a mortgage on the place for $900; that it was well known in that part of Lonoke County where the land lies and the defendants Green reside that that was all the land that the Greens owned, and that said land is valuable as farming land and worth more than $2,000."

Before a court of equity will assume jurisdiction for the purpose of reforming a deed, there ought to be a distinctly accurate allegation concerning the mutual mistake of the parties, and in order to establish the right to reform the deed against intervening mortgagees there ought to be a distinct allegation as to notice. Relief from mistake, like relief on the ground of fraud, can be obtained only upon specific allegations and convincing proof. We think, therefore, that the chancery court was not in error in holding that the allegations of the complaint were not sufficient to warrant the interposition of a court of equity. The allegation that "two men of the Colonial & United States Mortgage Company, Ltd.," had personal notice of the fact that Storthz had a mortgage

on the land is not sufficient, because it fails to state that they were officers or employees clothed with sufficient authority to act for the company so that the latter would be chargeable with information which came to the possession of its agents.

The decree is therefore affirmed.