## McLain *v.* Jordan.

### Opinion delivered July 11, 1927.

1.  MORTGAGES—RECORD CONTAINING WRONG DESCRIPTION.—The record of a mortgage containing a description of land as being in section 15, instead of section 16, where it was actually situated, was not constructive notice that it was intended to cover land in section 16.

2.  MORTGAGES—PRIORITY.—Where J's mortgage containing an incorrect description of land was filed March 30, 1921, and H's mortgage was executed December 12, 1921, and J entered into possession of the land as purchaser at foreclosure sale under mortgage in February, 1922, but the mortgagor redeemed in June, 1922, and H's mortgage was filed January 14, 1924, but J's mortgage was not reformed so as to correctly describe the land until November, 1924, *held* that H's mortgage was superior to that of J.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed in part.

S. M. Jordan brought this suit in equity against J. H. McLain to foreclose a mortgage on a tract of land containing 120 acres in Crawford County, Arkansas. The complaint alleges that the draftsman of the mortgage made a mistake and described the land as being in section 15 when it was intended that the mortgage should embrace land under the same subdivision in section 16. J. H. McLain filed an answer, in which he admitted the execution of the mortgage as well as the error in the description of the land embraced in it. He filed a cross-complaint, in which he asked for damages against the plaintiff because of the injury to his orchard after the plaintiff took possession of the land under the mortgage. D. T. House filed an intervention, in which he asked for the foreclosure of a mortgage to him on the same land, and that his mortgage be declared to be a prior lien on the land to that of the plaintiff Jordan.

The record shows that J. H. McLain first gave a mortgage on the land to a bank, which foreclosed the mortgage, and that S. M. Jordan became the purchaser at the foreclosure sale. J. H. McLain borrowed $1,000 from D. T. House for the purpose of redeeming the land from the bank's mortgage, and executed to D. T. House a mortgage on the land to secure the payment of the $1,000. This mortgage was executed on the 12th day of December, 1921, and was duly acknowledged on the same day. It was not filed for record, however, until the 14th day of January, 1924. In June, 1922, J. H. McLain redeemed the land from the mortgage of the Farmers' & Merchants' Bank, and a decree was entered of record in the chancery court allowing the redemption. According to the testimony of S. M. Jordan, he did not enter into possession of the land until February, 1922. Other facts will be stated or referred to in the opinion.

On the 4th day of November, 1924, the court entered of record a decree reforming the mortgage executed by J. H. McLain to S. M. Jordan, and appointed a master for the purpose of taking testimony on the issue of damages

raised by the cross-complaint of J. H. McLain. The case was continued as to the priority of mortgages between S. M. Jordan and D. T. House. On the 3rd day of May, 1926, the chancellor entered a decree of record, declaring that the mortgage of S. M. Jordan was a superior lien on the land to.that of D. T. House. It was ordered and decreed that the money arising from the sale of the land under the decree of the chancery court should be applied first to the payment of the mortgage of S. M. Jordan, and the remainder, if any, to the payment of the judgment of D. T. House. It was further decreed that, if there should then remain any further proceeds of sale, they should be paid to J. H. McLain. The court found against McLain on his cross-complaint, and it was dismissed for want of equity. To reverse the decree J. H. McLain and D. T. House have duly prosecuted an appeal to this court.

*E. D. Chastain* and *D. L. Ford*, for appellant.

*Starbird & Starbird*, for appellee.

Hart, C. J., (after stating the facts). The mortgage in favor of D. T. House was executed in December, 1921, and, according to the testimony of S. M. Jordan himself, he did not go into possession of the land until in February, 1922. He then went into possession of the land as purchaser under a mortgage foreclosure decree against J. H. McLain in favor of the Farmers' & Merchants' Bank. In June, 1922, the chancery court entered a decree of record allowing J. H. McLain to redeem the land from the foreclosure decree of the bank. The land was correctly described in the mortgage of House as being in section 16. By mistake it was described in the mortgage to Jordan as being in section 15, instead of section 16. The mortgage to Jordan was executed on the 11th day of February, 1921, and filed for record on the 30th day of March, 1921. The mortgage to House was not executed until the 12th day of December, 1921. The record of Jordan's mortgage containing the description of the land as being in section 15 instead of in section 16, where it was actually situated, did not constitute con-

structive notice that it was intended to cover the lands in controversy. *Storthz* v. *Bank of England,* 123 Ark. 451, 185 S. W. 784, and cases cited. Jordan did not enter into possession of the land until in 1922 after the mortgage had been executed to House. The mortgage of House was filed for record in 1924, before the decree of the chancery court reforming the mortgage of Jordan. Therefore we are of the opinion that the mortgage of House was a superior and prior lien on the land in controversy to that of Jordan, and the chancery court erred in not so holding.

On the cross-complaint of McLain but little need be said. The testimony introduced by McLain to sustain his claim of damages for injury to his orchard, as abstracted in the record, is entirely too vague and general to afford him any relief. On this point counsel for Jordan abstracted his testimony, and, according to it, Jordan took good care of the orchard while he was in possession of the land as mortgagee, and did not in any wise damage it. No useful purpose could be served by reviewing and discussing in detail the evidence on this branch of the case. We deem it sufficient to say that we are of the opinion that the chancellor correctly held in favor of Jordan on the cross-complaint of J. H. McLain.

We are of the opinion, however, that the chancery court erred in holding that the mortgage of S. M. Jordan was superior to that of D. T. House, and, for that reason, the decree in this respect will be reversed, with directions to the chancery court to enter a decree that the mortgage of D. T. House is superior to that of S. M. Jordan, and for further proceedings in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.