BECKWITH *v.* JINGLES.

4-6893                                        166 S. W. 2d 661

Opinion delivered December 14, 1942.

*McDaniel, Crow & Ward* and *W. A. Waddell,* for appellant.

*Ernest Briner,* for appellee.

HUMPHREYS, J. On May 23, 1940, appellee filed suit in ejectment in the circuit court of Saline county against appellants to recover possession of the following described real estate in Saline county, Arkansas, to-wit: "A part of lot 2 of the northwest quarter, section 19, township 3 south, range 15 west, more particularly described as follows: Beginning at the northwest corner of said lot 2, of the northwest quarter, section 19, township 3 south, range 15 west, and run thence south 1336 feet to the center of Traskwood and Franceway Road; thence west along said road 658 feet; thence north 1340 feet to the north line of said lot 2; thence east to the place of beginning, containing 20 acres, more or less."

In the complaint appellee deraigned his title through *mesne* conveyances from the government of the United States to himself, alleging that his immediate grantor, Mrs. Ollie McDade, conveyed said real estate by warranty deed to him for a valuable consideration on January 5, 1939, which deed was filed for record in the office of the circuit clerk and ex-officio recorder on April 6, 1939; that appellants, without his knowledge and consent, took possession of said real estate wrongfully and unlawfully and have refused to deliver the possession thereof to appellee; that appellee is entitled to recover from appellants damage in the sum of $100 for rents and profits during their unlawful occupancy of said real estate. Appellee prayed for possession of said real estate and $100 for rents and profits and for costs.

On September 2, 1940, appellants filed an answer to the complaint, stating that on March 15, 1938, Mrs. Ollie McDade executed and delivered a mortgage to Chester Carter and John M. Smith on the real estate described in the complaint except it described said real estate as being in "township 2, south, range 15 west," instead of "township 3, south, range 15 west," and stating that on February 4, 1939, Mrs. Ollie McDade executed a warranty deed to Chester Carter in satisfaction of said mortgage on said real estate as described in said mortgage; also stated that on February 8, 1939, Chester Carter and wife executed and delivered a warranty deed to appellant, H. M. Beckwith, to said real estate describing same as described in said mortgage, and stating further that Mrs. Ollie McDade intended to convey the real estate described in appellee's complaint in her mortgage to Chester. Carter and John M. Smith, and in her deed to Chester Carter, and that Chester Carter intended to convey to H. M. Beckwith the real estate described in appellee's complaint, but made a mistake and described the real estate as being in "township 2, south, range 15 west"; and also stating that on August 2, 1939, Mrs. Ollie McDade executed a correction deed to Chester Carter, and on October 28, 1939, Chester Carter executed a correction deed to H. M. Beckwith, both of which correction deeds properly described said real estate; and also stating that the instrument executed and delivered by Mrs. Ollie McDade to appellee on January 5, 1939, was intended as a mortgage and not a deed; also stating that H. M. Beckwith, appellant, has been in the continuous and uninterrupted possession of said real estate and claiming said real estate since February 8, 1939, under deed executed to him on February 8, 1939.

Appellants prayed in their answer for a decree to the effect that appellee's deed from Mrs. Ollie McDade be adjudged a mortgage and not a deed.

A motion was attached to the answer to transfer the cause to the chancery court, which motion was granted.

On the 22nd day of January, 1942, the cause was submitted to the chancery court upon the pleadings, exhibits thereto and the testimony introduced by the respective parties with exhibits thereto, resulting in a finding and decree that the instrument of Mrs. Ollie McDade executed by her to appellee on the 5th day of January, 1939, was a deed and not a mortgage, and canceled the conveyances executed by Mrs. Ollie McDade to Chester Carter and by Chester Carter to appellant, H. M. Beckwith, as clouds upon appellee's title and vested the title and the right of possession to the real estate described in appellee's complaint in said appellee, and offset any taxes and improvements appellant, H. M. Beckwith, had placed upon the property, with rents and profits said Beckwith owed appellee during the time he was unlawfully and wrongfully in possession of said real estate, together with all costs, from which findings and decree appellants have duly prosecuted an appeal to this court.

The testimony in this case is conflicting in some respects, but we have concluded, after carefully reading same, that it clearly and decidedly reflects that the deed executed by Mrs. Ollie McDade to appellee on January 5, 1939, was intended by the parties as a deed.

This court said in the case of *Beloate* v. *Taylor,* 202 Ark. 229, 150 S. W. 2d 730, that: "In determining whether an instrument is a deed or a mortgage, the test is: Did a debt exist at the time the instrument was executed, and was the instrument of conveyance intended by the parties to secure the debt. It requires clear and decisive testimony to prove that a deed absolute in form was intended as a mortgage. See headnote No. 1 in *Hays* v. *Emerson,* 75 Ark. 551, 87 S. W. 1027. In the Hays case, this court said: 'The conveyance must be judged according to the real intent of the parties. If there is a debt subsisting between the parties, and it is the intention to continue the debt, it is a mortgage; but if the conveyance extinguishes the debt, and the parties intend that result, a contract for a resale at the same price does not destroy the character of the deed as an absolute con-

veyance. *Porter* v. *Clements,* 3 Ark. 364; *Johnson's Executor* v. *Clark,* 5 Ark. 321; *Stryker* v. *Hershy,* 38 Ark. 264'.''

It is true in the instant case that appellee testified that when he took the deed absolute on its face from Mrs. Ollie McDade on January 5, 1939, he advised her not to sell the real estate as long as she had children to look after and he proposed to Mrs. Ollie McDade that he would not record the deed for ninety days and that if she paid him the amount in the meantime he would convey the real estate back to her. He testified, however, that she did not accept this proposition. Mrs. Ollie McDade testified that she did not execute a deed to appellee at all, but that she simply signed a note against the real estate for the amount he paid her and that she owed. The great weight of the evidence reflects that she did sign a deed after it was read and explained to her and shows that she never offered at any time to pay the debt; that she treated the debt as extinguished by the execution of the instrument which was a deed and not a mortgage in form. The record also reflects that at the time she made this deed to appellee she was in possession of the real estate in question by tenant. The absolute title to the property as we read the evidence, passed from her to appellee upon the execution of her deed to appellee, and she had no right thereafter to attempt to convey said real estate to anyone. The record reflects that she did not convey it to anyone thereafter by correct description. The conveyance that she made to Chester Carter and Chester Carter's conveyance to H. M. Beckwith described the real estate as being in "township 2, south," whereas it was in "township 3, south.''

This court ruled in the case of *McLain* v. *Jordan,* 174 Ark. 738, 298 S. W. 10, that: "The record of a mortgage containing a description of the land as being in section 15, instead of section 16, where it was actually situated, was not constructive notice that it was intended to cover land in section 16.''

· The record reflects that appellee's deed from Mrs. Ollie McDade was filed for record several months before Mrs. Ollie McDade attempted to correct the description in her deed to Chester Carter and before Chester Carter attempted to correct the description in his deed to H. M. Beckwith, and, of course, these deeds from Mrs. Ollie McDade to Chester Carter and from Chester Carter to H. M. Beckwith were not constructive notice that they had any interest in the real estate at the time Mrs. Ollie McDade conveyed same by warranty deed to appellee. According to the record, Mrs. Ollie McDade was the owner and in possession of the real estate described in appellee's complaint under deed from F. L. Hilliard. On January 5, 1939, she conveyed by warranty deed her title and right of possession thereto to appellee, and she had no right thereafter to convey same to Chester Carter, and Chester Carter had no right to convey same to appellant, H. M. Beckwith. When she did convey to Chester Carter and when Chester Carter conveyed to H. M. Beckwith the real estate described in appellee's complaint was not conveyed by correct description. The description was not corrected or attempted to be corrected until months after appellee had recorded his deed. In other words, they acquired no interest in the real estate described in appellee's complaint before appellee acquired his title from Mrs. Ollie McDade and had filed his deed from her for record.

No error appearing, the decree is affirmed.