## The CARAWAY BANK v.
## UNITED STATES OF AMERICA

75-127                                           529 S.W. 2d 351

Opinion delivered November 10, 1975
[Rehearing denied December 8, 1975.]

*Douglas Bradley* and *Jon R. Coleman*, for appellant.

*Fletcher Jackson*, U.S. Atty., for appellee.

CONLEY BYRD, Justice. At issue here is the sufficiency of the description of real estate in a mortgage to have priority over a federal tax lien. Federal Law, 26 U.S.C. § 6323, recognizes that a federal tax lien is not superior to perfected security interests. The decisions interpreting the federal law point out that a competing non-federal lien is not perfected and choate until it is definite as to (1) the identity of the lienor, (2) the property subject to the lien, and (3) the amount of the lien, 94 ALR 2d 748, 755 § 3.

The Arkansas law with respect to the sufficiency of description is stated by Judge Lemley in *United States* v. *Westmoreland Manganese Corp.,* 134 F. Supp. 898 (E.D. Ark. 1955), as follows:

> "It is a well settled principle of Arkansas law that a mortgage will not be held void for uncertainty, even as to third persons, where by any reasonable construction it can be sustained; and where the description used furnishes a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered, such description is sufficient. . . ."

Other laws bearing upon the issues here are Ark. Stat. Ann. § 17-1201 (Repl. 1968), which authorizes the subdivision of lands and the recordation of the plats thereof, and Ark. Stat. Ann. § 17-1203 (Repl. 1968), which provides that conveyances made according to the descriptions platted and recorded will be sufficient.

It is admitted that the federal tax lien was filed and a levy made upon the property subsequent to the mortgage to The Caraway Bank. That mortgage described the property as follows:

"A part of the SE ¼ of SW ¼ of Sec. 21, a part of the NE ¼ of NW ¼ of Sec. 28 all in Township 18 N., Range 5 W., all in Hidden Valley, more properly defined as follows:

Beginning at the Northeast Corner of Lot 21, Block 1, West Lake Shore Addition, thence North 84 degrees, 32 minutes West, 201 feet, thence North 80 degrees, 21 minutes West, 173 feet to the Southeast Corner of Lot 25, Block 3 of Ridgecrest Addition, thence North 10 degrees, 48 minutes West, 312 feet to the Northeast Corner of Lot 28, Block 3, of Ridgecrest Addition, thence South 79 degrees, 12 minutes West, 150 feet to the Northwest Corner of Lot 28, Block 3 Ridgecrest Addition, thence North 88 degrees, 32 minutes and 30 seconds West, 30.40 feet, thence North 7 degrees, 53 minutes East, 187.60 feet, thence North 34 degrees, 33 minutes East, 433 feet, thence North 5 degrees, 55

minutes East, 44.96 feet, thence South 85 degrees, 42 minutes East, 40 feet to the Northwest corner of Lot 8, Block 1 of Ridgecrest Addition, thence South 26 degrees, 47 minutes East, 476 feet to the Southwest Corner of Lot 14, Block 1, of Ridgecrest Addition, thence South 19 degrees, 32 minutes and 30 seconds East 95.51 feet, thence South 8 degrees, 46 minutes East, 258.95 feet, thence South 2 degrees, 05 minutes East, 140.70 feet to the point of beginning. Contains 7 acres more or less (one acre of this is in roads)."

The foregoing description is deficient in that Hidden Valley is not in Township 18 North. However, the recorded plat of Hidden Valley correctly shows that Hidden Valley is in Township 19 North. Thus, we see that the mortgage contains two general descriptions, one which erroneously describes the property as being in Township 18 North and the other which correctly describes the property as being "all in Hidden Valley." Furthermore, the metes and bounds description, without the necessity of extrinsic evidence, furnishes the key to show the error in the stated township description in the deed. The actual metes and bounds description of the property involved is shown on plaintiff's Exhibit 8 as follows:

Since it is shown that Hidden Valley was a properly recorded subdivision and that the mortgage itself furnished a key not only for correctly describing the property but also showed the error in the reference to "Twp.-18-N.", it follows that the mortgage description is good as against a claim of a bona fide purchaser without notice. If the description is good as recorded against a bona fide purchaser, we can see no reason why it should not be good as against the federal tax lien pursuant to 26 U.S.C. § 6323.

The appellee, United States of America, relies upon *McLain* v. *Jordan*, 174 Ark. 738, 298 S.W. 10 (1927), to support the trial court's ruling in its favor. There Jordan's mortgage described the property as being in Section 15 rather than in the correct Section 16. We held a recorded and subsequent mortgage containing a correct description to be superior to Jordan's. However, unlike The Caraway Bank's mortgage, the Jordan mortgage did not furnish a key to show both the error and the correct description.

For the foregoing reasons, we hold that the trial court erred in holding that appellee's tax lien was superior to the mortgage.

Reversed and remanded.

HARRIS, C.J., dissents.