**Supreme Court**

No. 2012-85-Appeal.

(PP 10-6573)

In re Estate of May Manchester.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

In re Estate of May Manchester.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The Estate of May Manchester (the estate) appeals

from the Superior Court's grant of summary judgment in favor of the Rhode Island Department

of Human Services (DHS).  This case came before the Supreme Court for oral argument on April

30, 2013, pursuant to an order directing the parties to appear and show cause why the issues

raised in this appeal should not be summarily decided.  After carefully considering the written

and oral submissions of the parties, we are satisfied that this appeal may be resolved without

further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of

the Superior Court.

**I**

**Facts and Travel**

The essential facts of this case have been stipulated by the parties.  We summarize those

that are relevant to our decision below.  May Manchester (Manchester or decedent) died on

January 30, 2004, at the age of ninety-four.  From May 1, 2002, through the date of her death,

DHS expended $94,162.70 in medical assistance payments on Manchester's behalf.[1]  In an effort to obtain reimbursement, approximately two weeks after Manchester's death, on February 17, 2004, DHS sent a letter to Manchester's daughter, Jean Curria, requesting that she notify it as soon as her mother's probate estate was opened.  Subsequently, on June 10, 2004, the Warren Probate Court appointed Curria and Manchester's other daughter, Nancy Tobin, as co-administratrixes of the estate, pursuant to G.L. 1956 § 33-8-8.[2]  This appointment was published five days later, on June 15, 2004, in accordance with G.L. 1956 § 33-22-11.

At no point did either of the administratrixes notify DHS that Manchester's estate had commenced.  Indeed, it was not until June 21, 2007, when DHS initiated a phone call to the Warren Probate Court, that it learned that her estate had been opened.

On August 9, 2007, DHS filed a petition to file a claim out of time with the Warren Probate Court, pursuant to G.L. 1956 § 33-11-5(b), seeking reimbursement for the medical assistance payments it had paid on Manchester's behalf prior to her death.[3]  In response, the estate filed a denial of that petition on August 15, 2007.  Approximately three months later, on November 20, 2007, the Warren Probate Court granted DHS's petition allowing it to file a claim out of time.

As a result, DHS then proceeded to file a claim and a notice of claim with the probate court, in response to which the estate filed its denial.  Subsequently, counsel for DHS sent the

---

[1] Those medical assistance payments were paid pursuant to Title XIX of the federal Social Security Act, 42 U.S.C. §§ 1396 through 1396v.

[2] In a submission to the Superior Court, Steven A. Robinson, counsel for the estate, indicated that he is the successor administrator of Manchester's estate.

[3] General Laws 1956 § 40-8-15(a) provides, in pertinent part, that "[u]pon the death of a recipient of medical assistance under Title XIX of the federal Social Security Act, 42 U.S.C. § 1396 et seq., the total sum of medical assistance so paid on behalf of a recipient who was fifty-five (55) years of age or older at the time of receipt of the assistance shall be and constitute[s] a lien upon the estate * * *."

estate "print-outs of expenditures" documenting the medical assistance payments. On April 1, 2010, DHS filed a miscellaneous petition for sale of real property to satisfy that debt.[4]

On October 14, 2010, the Warren Probate Court entered an order allowing the claim for the unpaid medical assistance benefits. The estate then appealed that order to the Providence County Superior Court, pursuant to G.L. 1956 § 33-23-1.[5] In that appeal, the estate argued that the order was contrary to law.[6] In support of its appeal, the estate maintained that the claim for the reimbursement of medical assistance payments was barred by (1) G.L. 1956 § 9-1-21, which operates to extinguish all actions for or against a deceased person within three years of the date of death; and (2) § 33-11-50, which bars any suit by a creditor of a decedent made later than two years after the first publication date of the qualification of the estate's representative. Accordingly, the estate contended that, because the claim was not filed within either of these two time frames, it was barred as a matter of law.

On April 29, 2011, the estate moved for summary judgment, pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. In its accompanying memorandum, the estate maintained that the claim was time-barred in accordance with the above-referenced statutes. In response, DHS argued that, because a claim is a property interest protected by the Fourteenth

---

[4] Such motions are usually made pursuant to G.L. 1956 § 33-12-4, which provides that: "If the personal property of a deceased person is insufficient to pay his or her debts, * * * his or her executor or administrator shall sell or mortgage for an amount decreed, in the manner provided in this chapter, so much of his or her real estate or of any interest in the real estate as may be subject to and required for the purpose of payments."

[5] General Laws 1956 § 33-23-1(a) provides that: "Any person aggrieved by an order or decree of a probate court * * * may * * * appeal to the [S]uperior [C]ourt for the county in which the probate court is established" by taking certain enumerated actions.

[6] In his bench decision, the hearing justice incorrectly stated that the estate had appealed from a Warren Probate Court order dated November 14, 2007. It appears, though, that the estate appealed from the order of October 14, 2010, which the hearing justice correctly categorized as the order "granting [DHS's] claim for reimbursement by the estate for medical assistance payments * * *."

Amendment's due process requirements, the estate's failure to give notice that Manchester's estate had opened for probate precluded it from raising the statute of limitations as an affirmative defense.[7] Relying on precedent from this Court as well as the United States Supreme Court, it maintained that "[the] estate cannot thwart a legitimate claim using a statute of limitations defense if [it] has failed to give notice to * * * a known or reasonably ascertainable claimant." See Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 491 (1988); see also In re Estate of Santoro, 572 A.2d 298, 301 (R.I. 1990). Following a hearing, a justice of the Superior Court denied the estate's motion for summary judgment.[8] An order to that effect was issued on July 8, 2011.

DHS then separately moved for summary judgment. A hearing was held before another justice of the Superior Court on October 4, 2011. DHS maintained that it was entitled to judgment as a matter of law because the prior hearing justice had rejected the estate's argument that the claim was time-barred. Furthermore, addressing the merits, it maintained that the estate was precluded from arguing that the claim was time-barred because, in direct contravention of § 33-11-5.1,[9] it had failed to notify DHS that Manchester's estate had been opened for probate. The hearing justice agreed. Relying on § 33-11-5(b), he reasoned that, because DHS had "lack of adequate notice of decedent's estate," it was not time-barred from presenting its claim against the estate.

---

[7] DHS did not make a cross-motion for summary judgment.

[8] A transcript of that hearing has not been provided to this Court on appeal.

[9] In pertinent part, G.L. 1956 § 33-11-5.1(a) provides: "If the identity of a creditor of the decedent's is known to or reasonably ascertainable by the personal representative, the personal representative shall, within a reasonable period of time after qualification, take such steps as are reasonably necessary to ensure that such creditor receives or has received actual notice of the commencement of the decedent's estate."

Further, the hearing justice found that § 9-1-21, which establishes a three-year statute of limitations in actions that arose prior to a decedent's death, was "wholly inapplicable" to the case at bar because a claim for the reimbursement of medical expenses under § 40-8-15 "by its own terms cannot arise before the death of a medical assistance recipient." Likewise, he found that § 33-11-50 was also inapplicable because it provided a two-year statute of limitation in suits by creditors of the decedent—not to claims presented to probate. Thus, neither of those statutes, the hearing justice determined, precluded DHS from filing its claim for the medical assistance payments. Having concluded that the claim was valid, he entered summary judgment in DHS's favor on November 4, 2011. The estate then timely appealed to this Court.

## II

## Standard of Review

This Court reviews a trial court's decision to grant summary judgment de novo. Swain v. Tyre, 57 A.3d 283, 288 (R.I. 2012). "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." Id. (quoting Sansone v. Morton Machine Works, Inc., 957 A.2d 386, 393 (R.I. 2008)).

Additionally, when reviewing the meaning and applicability of a statute, this Court engages in a de novo review. Swain, 57 A.3d at 288. We have consistently held that "when the language of a statute is clear and unambiguous, [we] must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Waterman v. Caprio, 983 A.2d 841, 844 (R.I. 2009) (quoting Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island, 943 A.2d 1045, 1049 (R.I. 2008)). Further, we must presume that the General

Assembly "intended each word or provision of a statute to express a significant meaning," and, as such, we "will give effect to every word, clause, or sentence, whenever possible." Swain, 57 A.3d at 288 (quoting State v. Clark, 974 A.2d 558, 571 (R.I. 2009)).

## III

## Issue on Appeal

The estate assails the hearing justice's decision to grant summary judgment in favor of DHS. It contends that he erred in holding that its failure to notify DHS of the opening of the probate estate precluded it from asserting a statute of limitations defense pursuant to § 33-11-50.[10] In countering the estate's contentions on appeal, DHS maintains that the hearing justice correctly ruled that the claim was valid and not time-barred under that statute.[11]

## IV

## Discussion

Because our analysis hinges on the interplay between multiple statutes, we begin with a summary of those that apply to the facts at issue. DHS brought the claim for reimbursement of medical expenses pursuant to § 40-8-15(a), which provides a mechanism to obtain a lien on a deceased recipient's estate for medical assistance. Section 40-8-15(a) further provides that "[t]he lien shall not be effective and shall not attach as against a recipient's estate * * * unless [DHS] has filed a claim for reimbursement in the probate court in accordance with § 33-11-5 or other applicable law."

---

[10] It appears that the estate has abandoned its argument that G.L. 1956 § 9-1-21 also bars the claim.

[11] In the alternative, DHS contends that, even if this Court were to find that § 33-11-50 applies to this case, the common law doctrine of nullum tempus occurrit regi (meaning: time does not run against the sovereign) operates to exempt DHS from abiding by that statute of limitations. See Searle v. Laraway, 27 R.I. 557, 559, 65 A. 269, 270 (1906). Because we ultimately find that DHS's claim is not affected by § 33-11-50, we need not address this alternative argument.

Turning then to § 33-11-5(a), DHS must have presented the claim at issue to the probate court within six months from the first publication of the commencement of the estate, subject to certain exceptions. Those exceptions allowed DHS to petition the probate court for leave to file its claim outside that six-month window if, among other things, it had not received "adequate notice of decedent's estate." Section 33-11-5(b). That exception is applicable here. Although the estate opened on June 10, 2004, DHS was not so notified until three years later, in June 2007. Two months later, in August 2007, DHS then appropriately petitioned the probate court to file a claim out of time.

Further, § 33-11-5.1(a) directs an estate's personal representative to "take such steps as are reasonably necessary to ensure that [a known or reasonably ascertainable] creditor receives or has received actual notice of the commencement of the decedent's estate." See also Estate of Santoro, 572 A.2d at 301 ("If a creditor's identity is known or reasonably ascertainable, then the [d]ue [p]rocess [c]lause requires that the creditor be given * * * actual notice.").

Although it is clear that DHS had the right to file its claim out of time, pursuant to § 33-11-5(b), we must next consider whether § 33-11-50 bars that claim because it was not brought within two years from the date of first publication. Section 33-11-50 provides that: "No personal representative shall be held to answer to the suit of a creditor of the decedent * * * unless the suit is commenced within two (2) years from the date of the first publication * * *." The estate argues that this statute operates to place a time limit on all claims filed against it. Thus, in its view, a claim filed out of the six-month window pursuant to § 33-11-5(b) must still be filed within the two-year time limit provided in § 33-11-50. We disagree.

Section 33-11-50 is inapplicable to the case at bar. That statute thwarts suits brought by the decedent's creditors more than two years from the date of the publication, regardless of

- 7 -

whether the creditor has received any actual notice. Here, DHS did not file (and need not have filed) suit in order to seek reimbursement of the medical assistance benefits it had paid on Manchester's behalf. Section 40-8-15(a) provides that the total sum of that medical assistance "shall * * * constitute a lien upon the estate * * * of the recipient in favor of [DHS]," which then becomes effective once DHS "has filed a <u>claim</u> for reimbursement in the probate court in accordance with § 33-11-5." <u>Id.</u> (emphasis added). Thus, DHS is permitted to obtain reimbursement for medical assistance by filing a claim in probate court, without the need to file suit in the Superior Court. Because the statute of limitations in § 33-11-50 applies only to suits and not to claims admitted to probate, as is the case here, we agree with the hearing justice that it did not bar DHS's claim.

Since DHS sought reimbursement by filing a claim, rather than by filing suit, we look to § 33-11-5(a), which provides that "[c]laims shall be presented within six (6) months from the first publication or be forever barred, subject to extensions granted pursuant to subsection 33-11-5(b)." As we previously held in <u>Estate of Santoro</u>, 572 A.2d at 301, a known or reasonably ascertainable creditor is not statutorily barred from filing a claim outside the above-referenced six-month statute of limitations if it did not receive actual notice of the commencement of probate.[12] Here, there is no dispute that DHS was a reasonably ascertainable creditor; in fact, it was a known creditor. Therefore, the statute of limitations was not triggered until June 21, 2007—the date it received notice that the estate had been opened. Because it filed its claim only two months after receiving notice—well within the above-referenced six-month window—its claim was not time-barred.

---

[12] Following our holding in <u>In re Estate of Santoro</u>, 572 A.2d 298 (R.I. 1990), the General Assembly enacted § 33-11-5.1, which, as stated above, directs an estate's personal representative to notify known or reasonably ascertainable creditors "to ensure that such creditor receives or has received actual notice of the commencement of the decedent's estate."

**V**

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the record in this case.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          In re Estate of May Manchester.

**CASE NO:**          No. 2012-85-Appeal.
                              (PP 10-6573)

**COURT:**          Supreme Court

**DATE OPINION FILED:**  May 20, 2013

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**          Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                              Associate Justice Brian Van Couyghen

**ATTORNEYS ON APPEAL:**

                              For Plaintiff:  Steven A. Robinson, Esq.

                              For Rhode Island Department of Human Services:
                                     Jennifer S. Sternick, Esq.