**Supreme Court**

No. 2012-229-Appeal.

(PC 08-2982)

Option One Mortgage Corporation     :

v.     :

Aurora Loan Services, LLC, as servicer for     :
Mortgage Electronic Registration Systems,     :
Inc.     :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Option One Mortgage Corporation     :

v.     :

Aurora Loan Services, LLC, as servicer for   :
Mortgage Electronic Registration Systems,   :
Inc.     :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.** The defendant, Aurora Loan Services, LLC, appeals from the grant of summary judgment by the Superior Court in favor of the plaintiff, Option One Mortgage Corporation, as to the priority of a mortgage held by the plaintiff. This case came before the Supreme Court for oral argument on October 3, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully considering the written and oral submissions of the parties, we are satisfied that this appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

The pertinent facts are not in dispute. In October 1987, Arthur Passarelli conveyed by warranty deed two adjacent lots, a so-called house lot and a so-called vacant lot, located at 376 Angell Road in North Providence, Rhode Island, to Kenneth Stebenne. This deed was recorded on October 16, 1987, in North Providence's Land Evidence Records at book 170, page 963. The

- 1 -

deed's property description references an "Exhibit A" attached to the deed. In fact, there are two documents entitled Exhibit A. One contains a metes and bounds description for a lot containing 8,812 square feet (the house lot referred to as Parcel B) and another attachment contains a metes and bounds description for a lot containing 8,000 square feet (the vacant lot referred to as Parcel A).

On October 6, 2005, Stebenne mortgaged certain real property in North Providence to plaintiff, Option One Mortgage Corporation (Option One), to secure a promissory note for the amount of $480,250 (Option One Mortgage).[1] The legal description attached to the Option One Mortgage was a metes and bounds description for the vacant lot only. However, the legal description also included the following paragraph: "Being all of the same premises conveyed by deed of Arthur Passarelli to Kenneth R. Stebenne, dated October 6, 1987 and recorded with the North Providence records of land evidence in Book 170, Page 963." The Option One Mortgage also described the property using the address of 376 Angell Road, North Providence (which refers to both the house lot and the vacant lot) and the tax assessor's plat and lot number for the house lot only.[2] The Option One Mortgage did not include a metes and bounds description of the house lot. The Option One Mortgage was recorded on October 12, 2005 at book 2174, page 166.

In a quitclaim deed dated August 24, 2006, and recorded in November 2006, Stebenne conveyed the vacant lot to his son, Timothy David Stebenne. The quitclaim deed gave a metes and bounds description of the vacant lot and was expressly subject to the Option One Mortgage.

---

[1] In his loan application for the mortgage, Stebenne indicated that the purpose of the loan was to refinance his primary residence, which was listed as being 376 Angell Road in North Providence.
[2] The vacant lot has a different assessor's lot number from that of the house lot.

On March 28, 2007, Stebenne conveyed the house lot to Francis Torres Ortiz by warranty deed, containing a metes and bounds description of the house lot. Immediately following the conveyance of the house lot to him, Ortiz granted a mortgage of that lot to Mortgage Electronic Registration Systems, Inc. (MERS) for the sum of $420,000. The mortgage to MERS (the Aurora Mortgage) contained a metes and bounds description of the house lot. The defendant, Aurora Loan Services, LLC (Aurora), is the servicer for MERS.[3]

Prior to the execution of the Aurora Mortgage, Aurora's closing attorney conducted a title search of the property in North Providence and came across the Option One Mortgage. It is significant that Aurora's closing attorney noted the inconsistencies between the metes and bounds description in the Option One Mortgage and the reference to the warranty deed conveying the property to Stebenne, as well as the assessor's plat and lot number. In researching the inconsistency, Aurora's closing attorney questioned whether the Option One Mortgage applied to the house lot as well as the vacant lot. He then conferred with the title insurance company's counsel, and both attorneys came to the conclusion that the Option One Mortgage only applied to the vacant lot.[4] Aurora's closing attorney did not, however, contact Option One to clarify whether the Option One Mortgage was intended to encumber the house lot.

Thereafter, Stebenne defaulted on his loan to Option One. On June 20, 2007, Option One filed suit against Stebenne, in a case docketed as PC 07-3165, and a temporary restraining order was issued, prohibiting Stebenne from conveying, transferring, encumbering, or disposing of

---

[3] A loan servicer is an entity that sends out billing statements and collects payments on behalf of the owner of the note. See G.L. 1956 § 19-14.10-3(6)(i)(E) (defining "servicing mortgage loans" to "mean[], on behalf of the note holder, collecting and receiving payments * * * on obligations due and owing to the note holder pursuant to a residential mortgage loan, and, when the borrower is in default, * * * finalizing collection of the obligation through the foreclosure process").

[4] Aurora's closing attorney also asked Stebenne whether the Option One Mortgage was intended to encumber the house lot as well. Stebenne told him that the Option One Mortgage only applied to the vacant lot, contradicting the information on the loan application for that Mortgage.

assets pending further order of the Superior Court. Option One also filed suit against Ortiz, in a case docketed as PC 07-3381.

By a letter dated February 29, 2008, Aurora informed Option One that it intended to foreclose on the house lot under the mortgage to Ortiz, as a consequence of the conditions of his mortgage having been broken. On April 17, 2008, Option One initiated the present case by filing a complaint seeking injunctive relief to prevent Aurora from foreclosing on the house lot. Aurora canceled the scheduled foreclosure. On June 5, 2008, Option One filed an amended complaint seeking a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, G.L. 1956 § 9-30-1, declaring that the Option One Mortgage is a valid first lien encumbrance on the house lot that is superior to the Aurora Mortgage. The parties filed cross-motions for summary judgment that came before the Superior Court for hearing on February 21, 2012.

In support of its motion for summary judgment, Option One submitted an affidavit from Kenneth McGunagle, Jr., an attorney with years of experience in conducting title examinations. McGunagle conducted a title search of the property in order to determine if the Option One Mortgage provided notice that it also encumbered the house lot. McGunagle opined that there were several indications on the face of the Option One Mortgage, in addition to the reference to the warranty deed from Passarelli to Stebenne, that provided effective notice that the Option One Mortgage encumbered both the vacant lot and the house lot.

In a bench decision issued on February 27, 2012, the hearing justice granted summary judgment in favor of Option One, finding that the reference to the warranty deed to Stebenne and the house address and plat and lot number in the Option One Mortgage provided constructive notice of the Option One Mortgage to a subsequent purchaser or mortgagee. In reaching his decision, the hearing justice relied on this Court's decision in In re Barnacle, 623 A.2d 445 (R.I.

1993), wherein this Court held that a mortgage description that "furnishes a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered" is sufficient to put a subsequent purchaser on constructive notice. Judgment was entered on March 1, 2012, declaring that the Option One Mortgage was superior to the Aurora Mortgage.

Aurora timely filed a notice of appeal to this Court on March 12, 2012.

## II

## Standard of Review

"This Court reviews a trial court's decision to grant summary judgment de novo." In re Estate of Manchester, 66 A.3d 426, 430 (R.I. 2013). We apply the same standards and rules as did the motion justice. Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013). In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Id. "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." Swain v. Estate of Tyre, 57 A.3d 283, 288 (R.I. 2012) (quoting Beacon Mutual Insurance Co. v. Spino Brothers, Inc., 11 A.3d 645, 648 (R.I. 2011)).

Similarly, it is well settled that "[t]his Court reviews a trial justice's conclusions on questions of law de novo." Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1078 (R.I. 2013) (quoting Beacon, 11 A.3d at 649).

## III

## Discussion

The parties do not dispute the material facts in this case. Accordingly, we agree with the hearing justice that the matter was ripe for summary judgment. The only issue remaining on

appeal is to determine which party is entitled to it. In sum, this Court is asked to decide whether the Option One Mortgage property description was sufficient to provide constructive notice to a subsequent mortgage holder that the Option One Mortgage encumbered both the house lot and the vacant lot.

Aurora argues on appeal that the hearing justice erred in applying this Court's Barnacle decision to the instant case because the Barnacle decision addressed an error in a general description of property, not a specific one. Aurora also assigns error to the hearing justice's conclusion that the prior deed reference in the Option One Mortgage description put a subsequent mortgage holder on notice to make further inquiry as to whether the Option One Mortgage encumbered the house lot.

We agree with the hearing justice that Barnacle applies to the case at bar. In Barnacle, this Court answered two questions of law based on two discrete fact patterns certified by the United States Bankruptcy Court for the District of Rhode Island. The first question involved the validity of an otherwise properly-recorded mortgage that was incorrectly executed because one of the two joint mortgagors failed to properly execute it. See Barnacle, 623 A2d at 446. The second question asked whether, even though the mortgage's legal description described the entire condominium building rather than a single condominium unit, the mortgage provided constructive notice that it was intended to apply to that single unit.[5] See id. We held that an instrument, although it may be technically defective, imparts constructive notice to a subsequent purchaser if it is properly filed and recorded in the land evidence records. See id. at 449. We further held that "[a] mortgage will not be held void for uncertainty, even as to third persons,

---

[5] The mortgage in Barnacle was executed on the same day as an Assignment of Leases and Rents, which described the specific condominium unit and was recorded in the land evidence records on the page immediately following the mortgage.

where by any reasonable construction it can be sustained; and where the description used furnishes a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered, such description is sufficient." Id. at 451 (quoting Caraway Bank v. United States, 529 S.W.2d 351, 351-52 (Ark. 1975)).

It is well established that Rhode Island law gives "the broadest possible effect to constructive notice." Speedy Muffler King, Inc. v. Flanders, 480 A.2d 413, 415 n.1 (R.I. 1984). Accordingly, any properly recorded instrument is sufficient to provide constructive notice of its contents to a subsequent purchaser. See Barnacle, 623 A.2d at 449; see also G.L. 1956 § 34-13-2 (stating that a recorded instrument "shall be constructive notice to all persons of the contents of instruments and other matters so recorded, so far as they are genuine"). Here, there is no dispute that the Option One Mortgage was properly recorded in the Land Evidence Records of the Town of North Providence. Any subsequent purchaser or mortgagee, including Aurora, was charged with constructive notice of the contents of the Option One Mortgage.

We further agree with the hearing justice that the prior deed reference in the Option One Mortgage description was sufficient to put a subsequent purchaser or mortgagee on notice that the Option One Mortgage was intended to encumber both the house lot and the vacant lot. We emphasize that, in conducting a title search of the property, Aurora's closing attorney found the Option One Mortgage and further recognized the internal inconsistencies in the Option One Mortgage description.

Aurora cites a number of cases from other jurisdictions relating to mortgage description errors. We find these cases to be unpersuasive and largely distinguishable from the instant matter. For example, in In re Stanphill, 312 B.R. 691, 694 (Bankr. N.D. Ala. 2004), the mortgage at issue entirely omitted a reference to certain properties, which were separate and

- 7 -

distinct from the other properties actually described in the mortgage. Here, in contrast, the Option One Mortgage did contain, in addition to the prior deed reference, some description of the house lot through the tax assessor's plat and lot number and the street address. Similarly, the other cases cited by Aurora are inapplicable to the instant case as they also involved mortgage descriptions that entirely failed to describe the encumbered properties and consequently failed to trigger any duty of further inquiry on a reasonable title searcher. See, e.g., Trask v. BAC Home Loans Servicing, LP, 462 B.R. 268, 276 (B.A.P. 1st Cir. 2011) (holding that where a mortgage description provided only the street address that applied to two adjacent lots, there was nothing in the description to cause a title searcher to suspect that the description was somehow incorrect and consequently the mortgage did not provide constructive notice); In re Stradtmann, 391 B.R. 14, 19 (B.A.P. 8th Cir. 2008) ("If there is nothing in the property description to trigger a duty of further inquiry, then a conflict between the legal description and the common address is not apparent, and therefore does not trigger constructive or implied notice.").

The facts here are easily distinguishable from the above-cited cases. Aurora's closing attorney discovered the Option One Mortgage and noticed the inconsistencies in the mortgage description. Indeed, the attorney specifically questioned whether the Option One Mortgage encumbered the house lot. As such, we find that Aurora at least had constructive notice of the existence of the Option One Mortgage and could have ascertained whether the Option One Mortgage encumbered the house lot. The fact that both Aurora's closing attorney and the title insurance company's counsel came to a contrary conclusion does not protect Aurora from the broad application of constructive notice in Rhode Island. Accordingly, we hold that the Option One Mortgage is a valid first lien on the house lot.

## IV

## Conclusion

For the reasons stated in this opinion, we affirm the decision of the Superior Court granting summary judgment in favor of the plaintiff, Option One. The record in this case shall be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Option One Mortgage Corporation v. Aurora Loan Services, LLC, as servicer for Mortgage Electronic Registration Systems, Inc.

**CASE NO:**     No. 2012-229-Appeal.
(PC 08-2982)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     November 5, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Michael A. Silverstein

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Stephen A. Izzi, Esq.

For Defendant:  Lauren A. Solar, Esq.